NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0544n.06

No. 14-4019

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 30, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CUYAHOGA METROPOLITAN HOUSING AUTHORITY, | ) ) | |
| | ) | |
| Third-Party Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE NORTHERN DISTRICT OF |
| THE K&D GROUP, INC., | ) ) | OHIO |
| | ) | |
| Third-Party Defendant-Appellee. | ) | |

Before: KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

LUDINGTON, District Judge. This case is one of two related appeals arising out of a claim concerning the proper treatment of short-term fees under Section 8 of the Housing Act of 1937 ("Act").[1] Appellant Cuyahoga Metropolitan Housing Authority ("CMHA"), third-party plaintiff below, appeals the district court's order denying its motion for summary judgment against Appellee The K&D Group ("K&D"), third-party defendant below. CMHA claims it was entitled to summary judgment against K&D because the fees, if rent, resulted in rent increases that K&D was obligated to submit to CMHA for authorization, which K&D did not do. According to CMHA, the fees were, as a result, "illegally and/or improperly imposed by K&D" and K&D should "be responsible for reimbursement of any fees paid by Plaintiffs." Def.'s Mot. Summ. J. Br., ECF No. 42, Ex. 1 at 12, PageID 2404.

---

[*] The Honorable Thomas L. Ludington, District Judge for the Eastern District of Michigan, sitting by designation.

[1] The case below has also generated a related appeal. That appeal is docketed as Case No. 14-3978.

CMHA argues that the district court's order—denying CMHA's motion for summary judgment as moot, granting K&D's motion for summary judgment, and dismissing CMHA's third-party complaint—must be reversed if this Court determines that the disputed fees in the primary appeal qualify as rent. Because the subject fees are rent under the Act, we reverse and reinstate CMHA's third-party complaint against K&D. Further, we remand to the district court for proceedings consistent with the conclusion that the fees are rent under the Act.

**I.**

The facts underlying these two related appeals are set out more fully in this Court's opinion in *Velez, et al. v. Cuyahoga Metropolitan Housing Authority*, Case No. 14-3978. Only the facts relevant to CMHA's direct appeal against K&D are provided below.

**A.**

Title 42 U.S.C. § 1437f codifies Section 8 of the Housing Act of 1937. Pub. L. No. 75-412, 50 Stat. 888, 891. In its original form, Section 8 had little to say about the way in which a housing subsidy program was to be administered. Indeed, the text only provided: "The Authority may from time to time make, amend, and rescind such rules and regulations as may be necessary to carry out the provisions of this Act." *Id*. Under this provision the relevant housing authority, at that time the United States Housing Authority—now the Department of Housing and Urban Development (HUD), had the ability to construct programs that implemented the provisions of the Act. The provisions at issue here, governing the Housing Voucher Assistance Program, were first added to the statute in 1983. Act of November 30, 1983, Pub. L. No. 98-181, 97 Stat. 1153.

In 1974, Congress amended the Housing Act to "significantly enlarge[] HUD's role in the creation of housing opportunities." *Hills v. Gautreaux*, 425 U.S. 284, 303 (1976) (citing Housing and Community Development Act of 1974, Pub. L. No. 93-383, sec. 201, § 8, 88 Stat. 633, 662–

66). In the 1974 amendatory act, Congress authorized the first permanent tenant-based rental housing assistance program—the Section 8 Rental Certificate Program—which allowed the use of federal funds to subsidize a tenant's monthly rental housing costs.[2] "Building on the success of the Certificate Program," 80 Fed. Reg. 8243, 8244 (Feb. 17, 2015), Congress created the Housing Choice Voucher Program in 1983.[3] *See* Housing and Urban-Rural Recovery Act of 1983, Pub. L. No. 98-181, sec. 207, 97 Stat. 1155, 1181–82 (codified as amended at 42 U.S.C. § 1437f(o)).[4]

Under the Section 8 Housing Choice Voucher Program, 42 U.S.C. § 1437f(o), and its accompanying regulatory framework, *see* 24 C.F.R. § 982, certain low-income individuals qualify to receive housing assistance vouchers that subsidize the cost of renting housing units. Under the program, HUD "pays rental subsidies so eligible families can afford decent, safe and sanitary housing." 24 C.F.R. § 982.1(a). The voucher program is administered "by State or local governmental entities called public housing agencies (PHAs)," such as CMHA. *Id.*

The Act and regulations contain various provisions that govern the amount of the rental subsidy paid by a public housing agency on behalf of a low-income tenant. The regulations refer to subsidy payments by the public housing agency on behalf of a low-income renter as "housing assistance payments." These payments are defined as "[t]he monthly assistance payment by a

---

[2]    Congress created the Experimental Housing Allowance Program in 1970, the first tenant-based rental housing assistance program. *See* Housing and Urban Development Act of 1970, Pub. L. No. 91-609, sec. 504, 84 Stat. 1770, 1786–88.

[3]    The voucher program was later made permanent in 1988. *See* Housing and Community Development Act of 1987, Pub. L. No. 100-242, sec. 143, 101 Stat. 1815, 1850–51 (1988).

[4]    Congress subsequently consolidated the certificate and voucher programs in 1998. *See* Quality Housing and Work Responsibility Act of 1998, Pub. L. 105-276, sec. 545, 112 Stat. 2518, 2596–604.

PHA, which includes: (1) a payment to the owner for rent to the owner [sic] [5] under the family's lease; and (2) An additional payment to the family if the total assistance payment exceeds the rent to owner." 24 C.F.R. § 982.4(b). In turn, the regulations define "rent to [the] owner" as "[t]he total monthly rent payable to the owner under the lease for the unit. Rent to owner covers payment for any housing services, maintenance and utilities that the owner is required to provide and pay for." *Id.*

**B.**

Appellant is a local housing authority authorized to issue Section 8 housing subsidy vouchers under the Act and its regulations. Appellee K&D is a real estate company in the business of operating rental properties. Plaintiffs below, Waleska Velez and Kimberly Hatcher, initially entered into one-year leases with K&D. At the end of the one-year lease terms Velez and Hatcher renewed their leases for terms of less than one year.

Velez entered into a month-to-month tenancy after her initial one-year lease term expired in 2013, Am. Proposed Stipulations, ECF No. 26, Page ID 281, and Hatcher entered two separate month-to-month tenancies, in 2007 and 2012, and, in 2011, a nine-month lease agreement, *id.* at 283-86. Under each of these short-term agreements, K&D charged Velez and Hatcher monthly month-to-month or short-term lease fees.[6] These fees varied in amount based upon the length of the short-term lease but ranged between $35.00 per month for the nine-month lease term and $100.00 per month for the month-to-month lease. According to the parties' experts, K&D

---

[5] Although not made clear in the regulations' definition of "housing assistance payment", "rent to the owner"—or "rent to owner" as it is denoted elsewhere—has a specific meaning under the regulations. Thus, the apparent redundancy in the definition is readily explained by reference to the definition for "rent to owner."

[6] For consistency, the fees will be referred to as short-term fees, rather than both month-to-month and short-term fees.

imposed these fees as a means of accounting for increased turnover expenses, marketing costs, and market risks associated with shorter leases.

In the case of lessors imposing distinct short-term rental fees, it was CMHA's policy not to treat these fees as rent under the voucher program. *Id*. at 276-77.

## C.

On May 7, 2013, Velez and Hatcher filed a claim pursuant to 42 U.S.C. § 1983 against CMHA in the Northern District of Ohio. They claimed that the short-term fees imposed upon them are rent under the Act. On July 3, 2013, CMHA filed a third-party complaint against K&D seeking indemnity and contribution in the event the district court determined the fees were properly considered as rent. CMHA took the position that if the fees are rent, K&D should have been submitting the fees as part of the rent charge which CMHA would use to calculate the subsidies it paid. K&D's failure to do so, CMHA claimed, renders K&D liable to CMHA in any amount CMHA would be liable to Appellants.

On February 14, 2014, Velez and Hatcher and Appellant CMHA filed cross-motions for summary judgment. ECF Nos. 42 & 44. CMHA's February 14, 2014 motion for summary judgment included a claim for judgment against Appellee K&D. On March 10, 2014, K&D filed a motion for summary judgment against CMHA. ECF No. 47. K&D argued that it had put CMHA on notice of the fees when it sought guidance from CMHA in 2010 on whether the fees should be considered rent. CMHA expressly informed K&D that the fees were separate from rent.

The district court issued an Opinion and Order granting CMHA's motion for summary judgment against plaintiffs on September 16, 2014. Op. & Order, ECF No. 63. The district court held that the short-term fees were not rent under the Act. Pursuant to this holding, the district

court granted K&D's motion for summary judgment against CMHA and dismissed CMHA's third-party complaint.

CMHA contingently appeals the district court's decision dismissing its claims against K&D. CMHA argues that if this Court determines that the short-term fees are rent, its third-party complaint against K&D should be reinstated.

## II.

"We review a district court's grant of summary judgment *de novo*." *Cass v. City of Dayton*, 770 F.3d 368, 373 (6th Cir. 2014). A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

CMHA argues that if this Court determines that the short-term fees are rent, its third-party complaint against K&D should be reinstated. The district court granted K&D's motion for summary judgment against CMHA "as there is no liability because the additional fees are not rent." September 16, 2014 Op. & Order, ECF No. 63, PageID 2746. This Court has reached the opposite conclusion. *Velez, et al. v. Cuyahoga Metropolitan Housing Authority*, Case No. 14-3978. For that reason, the district court's decision to grant K&D's motion will be reversed and CMHA's third-party complaint will be reinstated.

CMHA also argues that if the subject fees are to be considered rent, summary judgment should be entered in its favor against K&D. Appellant's Br. 6-9. This claim for relief was not reached by the district court so it will not be considered here. The issue will be remanded to the district court for proceedings consistent with this opinion.

**IV.**

The district court's Order granting summary judgment to Appellee The K&D Group is

**REVERSED**. The case is **REMANDED** for proceedings consistent with this opinion.